**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

DENNIS GRAY WILLIAMS,

                Petitioner,

vs.                               Case No. 3:06-cv-599-J-32MMH
                                           3:03-cr-33-J-32MMH
                                           3:04-cr-48-J-32HTS

UNITED STATES OF AMERICA,

                Respondent.

_____

**<u>ORDER</u>**[1]

      This case is before the Court on petitioner Dennis Gray Williams' ("Williams")

<u>pro se</u> Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255

(Docs. 1 and 2).[2]  The government filed a response in opposition (Doc. 8).  Williams

filed a reply (Doc. 9) and a Motion for Summary Judgment (Doc. 10).  Pursuant to

Rule 8(a) of the Rules Governing Section 2255 Proceedings, the Court has

determined that an evidentiary hearing is not necessary to decide the instant petition.

_____

    [1]Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically.  However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

    [2] Citations to Williams' 2003 criminal case file, 3:03-cr-33-J-32MMH, are denoted as "Williams I Doc. ___."  Citations to Williams' 2004 criminal case file, 3:04-cr-48-J-32HTS, are denoted as "Williams II Doc. ___."  Citations to Williams' civil § 2255 case file, 3:06-cv-599-J-32MMH, are denoted as "Doc. ___."

## I. BACKGROUND

On February 5, 2003[3], Williams was named in a two-count Indictment charging him with intentionally conspiring to counterfeit false and fictitious instruments and documents, in violation of 18 U.S.C. § 514 ("Count One"), and printing, processing, and producing false and fictitious checks, in violation of 18 U.S.C. §§ 514 and 2 ("Count Two"). (Williams I Doc. 1). On August 20, 2003, a federal grand jury returned a Superseding Indictment, charging Williams with three additional counts: one for possessing and uttering a counterfeited check, in violation of 18 U.S.C. §§ 513(a) and 2 ("Count Three"), and two counts for possessing and attempting to pass false and fictitious instruments and documents appearing to be actual securities of an organization, in violation of 18 U.S.C. §§ 514 and 2 ("Counts Four and Five").[4] (Williams I Doc. 41). On October 24, 2003, Williams, pursuant to a written plea agreement, pled guilty to Count Three of the Superseding Indictment. (Williams I Docs. 51 & 52).

On February 19, 2004[5], Williams was named in a separate two-count Indictment charging him with identity theft, in violation of 18 U.S.C. § 1028(a)(7) and (b)(1) ("Count One"), and credit card fraud, in violation of 18 U.S.C. § 1029(a)(2) and

---

[3] Williams' 2003 criminal case is referred to as "Williams I."

[4] Counts One and Two remained as originally charged.

[5] Williams' 2004 criminal case is referred to as "Williams II."

2

(c)(1) ("Count Two").  In Williams II, Williams filed a motion for specific performance seeking to dismiss the Williams II Indictment based on the Williams I plea agreement's "no further charges" clause.  (Williams II Doc. 15).  The government filed a response (Williams II Doc. 16), and the Court heard argument on April 23, 2004 (Williams II Doc. 20).  Subsequently, the Court received supplemental memoranda from the parties (Williams II Doc. 21 and 22) and held an evidentiary hearing (Williams II Doc. 24).  The Court ultimately denied Williams' motion.  (Williams II Doc. 25).  On February 1, 2005, Williams pled guilty to both counts in Williams II.  (Williams II Doc. 57).

Williams I and Williams II were consolidated for sentencing, and on April 20 and May 2, 2005, the Court held a sentencing hearing.  The Court sentenced Williams to 92 months' imprisonment on each of the three counts to which he pled guilty, all terms to run concurrently.  (Williams I Doc. 82; Williams II Doc. 67).  Williams appealed. (Williams I Doc. 83; Williams II Doc. 68).  On February 28, 2006, in a consolidated order, the Eleventh Circuit affirmed Williams' convictions and sentences.  (Williams I Doc. 98; Williams II Doc. 84).

On June 30, 2006, Williams filed the instant § 2255 motion addressing Williams I and Williams II.  (Doc. 1 and 2).  Williams contends that: (1) the Indictment in Williams I failed to properly charge an offense (Ground I); (2) his conviction in Williams I may have been based upon a non-existent offense (Ground II); and (3) he

received ineffective assistance of counsel (Ground III).  (Doc. 2).

## II.    DISCUSSION

### A.    Procedural Default As To Grounds I and II

Ground I of Williams' § 2255 petition alleges that because the statutory language of 18 U.S.C. § 2, "i.e., aids, abets, counsels, commands, induces, procures, and willfully," was omitted from Count Three of the Superseding Indictment in Williams I, the Indictment failed to properly charge an offense.  (Doc. 2).  Williams alleges in Ground II that he is entitled to relief because his conviction in Williams I was based on a non-existent offense of aiding and abetting oneself and that he is actually innocent of that crime because it is impossible to aid and abet oneself.  (Doc. 2).

On April 23, 2004, in Williams I, Williams filed a pro se Motion to Dismiss for Defective Indictment, in which he made essentially the same arguments.  (Williams I Doc. 68).  The Court struck Williams' pro se motion pursuant to Local Rule 2.03 and alternatively found the motion to be without merit.  (Williams I Doc. 69).  Williams did not raise these claims on direct appeal.[6]  (Doc. 2).

"[A] collateral challenge, such as a § 2255 motion, may not be a surrogate for a direct appeal." Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (citing

---

[6] Williams raised the following issues on direct appeal: (1) the District Court erred when it considered Williams' prior arrests in deciding to upwardly depart under the Sentencing Guidelines; (2) the District Court's upward departure was unreasonable; (3) the degree and extent of the upward departure violated the *Ex Post Facto* Clause of the Constitution; and (4) the government breached the Williams I plea agreement when it pursued  the charges in Williams II.  (Doc. 2; Williams I Doc. 98).

United States v. Frady, 456 U.S. 152, 165 (1982)).  "[A] defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." Id. at 1234 (citations omitted).  "A defendant can avoid a procedural bar only by establishing one of the two exceptions to the procedural default rule.  Under the first exception, a defendant must show cause for not raising the claim of error on direct appeal *and* actual prejudice from the alleged error." Id. (citations omitted).  "Under the second exception, a court may allow a defendant to proceed with a § 2255 motion despite his failure to show cause for procedural default if a constitutional violation has probably resulted in the conviction of one who is actually innocent." Id. (citations and internal quotations omitted).

Williams relies on an "actual innocence" argument as a basis for excusing his procedural default.  (Doc. 2).  Williams argues that no reasonable juror could have found him guilty of aiding and abetting himself because it is a legal impossibility. (Doc. 2).  18 U.S.C. § 2 states that:

> (a) Whoever commits an offense against the United States **or** aids, abets, counsels, commands, induces or procures it commission, is punishable as a principle.
>
> (b) Whoever willfully causes an act to be done which if directly performed by him **or** another would be an offense against the United States, is punishable as a principal.

(Emphasis added).  "[18 U.S.C. § 2] does not establish a separate crime of aiding and

abetting, but rather an alternative charge that permits one to be found guilty as a principal for aiding or procuring someone else to commit the offense." United States v. Martin, 747 F.2d 1404, 1407 (11th Cir. 1984) (citation and quotation omitted). Williams was not charged with the crime of aiding and abetting, rather he was charged with committing the offense himself.[7]  Thus, Williams would have to show that he is actually innocent of committing the charged offense to overcome the procedural defect of not raising this issue on direct appeal.  Williams cannot make any such showing.  Thus, this Court finds that Grounds I and II are procedurally barred from review.

### B.    Ineffective Assistance of Counsel: Ground III

In order to succeed on an ineffective assistance of counsel claim, a defendant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) the defendant was prejudiced by counsel's deficient performance.  Strickland v. Washington, 466 U.S. 668, 688, 692 (1984).  Williams'

-------------------------

[7] Count Three of the Superseding Indictment in Williams I (Williams I Doc. 41, p. 3) alleges that Williams:

> [D]id knowingly possess and utter and cause to be possessed and uttered, with the intent to deceive another person, organization or government, a counterfeited security of a state or political subdivision thereof which operated in and the activities of which affect interstate commerce; that is, a counterfeit check purporting to be drawn on the "State of Florida Disbursement Unit."  In violation of Title 18, United States Code, Sections 513(a) and 2.

ineffective assistance claim is based on four allegations: 1) counsel (both) failed to effectively assert that the government breached the "no further charges" clause in the Williams I plea agreement (Ground III(a)); 2) counsel (both) failed to object to prosecutorial misconduct before the grand jury and assert that prosecutorial vindictiveness led to the Superseding Indictment in Williams I and the Indictment in Williams II (Ground III(b)); 3) counsel (both) failed to contest the government's alleged fraudulent inducement of Williams to enter into a plea in Williams I and Williams II (Ground III(c)); and 4) counsel (both) failed to challenge prior Georgia convictions listed in the Pre-Sentence Investigation Report (PSR) (Ground III(d)).  (Doc. 2).[8]

### 1.    Grounds III(a) and III(c)

Williams' claims set forth in Grounds III(a) and III(c) are closely related; both, however, are without merit.  As to Ground III(a), Williams contends that his counsels' failure to effectively assert at the trial level that the government breached the "no further charges" clause of his plea agreement resulted in the Eleventh Circuit reviewing his "no further charges" challenge under the plain error standard instead of

---

[8]    Williams' written plea agreement in Williams I contains an appeal waiver provision that applies to § 2255 motions (a collateral challenge to sentence). (Williams I Doc. 51 at p. 10).  Williams has most likely waived all grounds raised in his § 2255 relating to his counsel in Williams I's alleged ineffectiveness.  However, because (1) Williams plead without agreement in Williams II, (2) Williams' sentencing for Williams I and II was consolidated and (3) Williams' allegations of ineffectiveness in his § 2255 are asserted against both counsel in Williams I and II, the Court has determined to assume *arguendo* that there is no waiver pertaining to Williams I and will assess this claim on the merits.

"the more lenient clear error standard or de novo standard." (Doc. 2).  As to Ground III(c), Williams contends that his guilty plea was involuntary because "the government fraudulently induced him to plead guilty" based on the plea agreement's "no further charges" clause and counsel in both cases failed to challenge whether his plea agreement was entered into knowingly and voluntarily based on the government's breach of the Williams I plea agreement.

Counsel in Williams II chose a perfectly valid approach to challenge the Indictment in Williams II when he filed a motion and vigorously pursued specific performance of the Williams I plea agreement's "no further charges" clause. (Williams II Docs. 15, 22, 24 & 25).   Under Strickland, a defendant must overcome the presumption that counsel's actions are sound strategy. Strickland, 466 U.S. at 689. Two remedies are available when the government breaches a plea agreement: (1) specific performance and (2) withdrawal of the guilty plea. United States v. Johnson, 132 F.3d 628, 631 (11th Cir. 1998). Specific performance is "particularly appropriate" where the plea agreement was knowingly and voluntarily entered into.  Id.   The remedy of withdrawal is not favored in the Eleventh Circuit. Id. (quoting United States v. Jefferies, 908 F.2d 1520, 1527 (11th Cir. 1990)).

Williams II counsel pursued specific performance of the Williams I plea agreement because his litigation strategy was to attempt to get the Indictment in Williams II dismissed, not to obtain a withdrawal of the Williams I plea agreement.

Counsel succeeded in securing an evidentiary hearing on this issue, though the Court ultimately ruled against Williams' position.  Indeed, Williams II counsel's best course was precisely what he attempted, to obtain dismissal of Williams II based on the language of the Williams I plea agreement.  For these reasons and because the law disfavors the withdrawal remedy, counsel's actions in seeking specific performance were sound defense strategy and thus objectively reasonable under Strickland.  The Court likewise finds that Williams I counsel was not ineffective as there was little, if anything, left for him to do given the reasonable course chosen and pursued by counsel in Williams II.  Further, to the extent the grounds raised in III(c) present slightly different issues than those raised in III(a), the Court finds them without merit.

### 2.    Ground III(b)

In Ground III(b), Williams makes a hodgepodge of allegations essentially contending that his counsel in Williams I and Williams II failed to assert prosecutorial vindictiveness.  (Doc. 2).  Williams argues that grand jury abuses occurred because he was incarcerated during the time frame of Counts Four and Five of the Superseding Indictment in Williams I and that the Indictment in Williams II was solely returned to "manipulate" the Speedy Trial Act.  Thus, Williams challenges the government's motives in superseding the Williams I Indictment and charging him in Williams II.

A prosecutor may seek a superseding indictment at any time prior to a trial as

long as the purpose is not to harass the defendant.  United States v. Barner, 441,

F.3d 1310, 1315 (11th Cir. 2006).  A superseding indictment adding new charges and

increasing the potential penalty violates due process if brought out of prosecutorial

vindictiveness, which means the desire to punish a person for exercising his rights.

Id.  Further, there is a strong presumption that prosecutors conduct themselves

properly during grand jury proceedings.  See United States v. Foxman, 87 F.3d 1220,

1222-24 (11th Cir. 1996).

Williams requests that the court apply a presumption of vindictiveness because

he exercised his legal rights to have evidence and testimony suppressed, challenged

the indictment for lack of jurisdiction and the prosecutor increased charges and

potential penalties.  (Doc. 2).  In support of his argument, Williams cites Barner.

However, the Barner court explained:

> The mere fact that a defendant has made pre-trial motions
> is not sufficient to raise a presumption of prosecutorial
> vindictiveness . . . '[A] defendant before trial is expected to
> invoke procedural rights that inevitably impose some
> "burden" on the prosecutor. Defense counsel routinely file
> pre-trial motions to suppress evidence; to challenge the
> sufficiency and form of the indictment; to plead an
> affirmative defense; to request psychiatric services; to
> obtain access to government files; to be tried by jury.  It is
> unrealistic to assume that a prosecutor's probable
> response to such motions  is to seek to penalize and to
> deter.  The invocation of procedural rights is an integral
> part of the adversary process in which our criminal justice
> system operates.'

441 F.3d at 1319 (quoting United States v. Goodwin, 457 U.S. 368, 381 (1982)).

Because Williams has shown no cognizable evidence of prosecutorial vindictiveness, the Court will not impute any or permit any presumption thereof.  The government's actions in adding additional charges in Williams I does not show a desire to punish Williams for exercising his rights, rather it shows a desire to seek convictions upon crimes for which a grand jury found probable cause to indict.  This same reasoning applies to the grand jury's return of the indictment in Williams II.  Thus, Williams has failed to show that his counsel's performance was deficient in not raising this issue.

### 3. __Ground III(d)__

Williams argues he received ineffective assistance because counsel in Williams I and Williams II failed to challenge his prior Georgia convictions.  (Doc. 2).  Williams contends that had counsel objected to his prior Georgia convictions, "he would not have amassed 39 criminal history points" and the Court might not have departed upward 13 levels.  (Doc. 2).  Under the Strickland analysis, "a court need not first determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies.  If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, that course should be followed."  466 U.S. at 670.  The Court departed upward 13 levels based on Williams' overall criminal history, not his criminal history score in isolation.  (Williams I Doc. 89; Williams II Doc. 73, Sentencing Transcript).  In fact the Court made its reasoning for the 13 level departure very clear at

sentencing:

> I'm trying to convey to a record that might appear cold when it's reviewed by somebody the - - but I think anybody - - all anybody would really have to do is read the PSI and the unbelievable record of criminal activity of Mr. Williams and his complete disregard for strictures of the law, to see that this is a case that a departure is made for, and that this is a case under 3553(a) where the court needs to impose a sentence that will take Mr. Williams' situation into account, but also take the public's situation into account.
> And if there was anything short of incarceration that could stop Mr. Williams from doing this, I don't know what is.  And I don't think - - I don't think the law has thought of it yet.

> ---------------------------------------------------------

> I will be upward departing in this case pursuant to 4A1.3, because I am making a finding on this record that reliable information - - and I think I've established this through my recitation during these proceedings, that reliable information does indicate to me that Mr. Williams' criminal history substantially underrepresents the seriousness of his criminal history or the likelihood that he'll commit further crimes or other crimes.

(Williams I Doc. 89 at 29-30, 32; Williams II Doc. 73 at 29-30, 32).  Even if Williams could show that counsels' performance was deficient in not objecting to the scoring of some of his prior convictions, it would have changed nothing; thus he cannot show prejudice.  Accordingly, it is hereby **ORDERED**:

Petitioner Dennis Gray Williams' Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DENIED**.  Williams' Motion for

Summary Judgment (Doc. 10) is **DENIED**.  The Clerk shall enter a judgment against the petitioner and in favor of the government and close the file.

**DONE AND ORDERED** at Jacksonville, Florida this 23rd day of March, 2007.


TIMOTHY J. CORRIGAN
United States District Judge


a.
Copies:

Dennis Gray Williams
counsel of record